THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: December 7, 2018



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Peter Papageorge,<br>　　　　Debtor. | Chapter 7<br>Case No. 18-22553-svk |

**DECISION AND ORDER SUSTAINING IN PART TRUSTEE'S OBJECTION
TO DEBTOR'S CLAIM OF EXEMPTIONS**

The issue is whether the Debtor can "double up" and claim exemptions on behalf of his non-filing spouse. The Debtor has elected the Wisconsin exemptions under § 522(b)(3) of the Bankruptcy Code, on behalf of himself and his spouse, who did not join him in the bankruptcy filing. This election increased the value of some exemptions to the dollar amount the Debtor and his spouse could claim in a joint case. The Trustee has objected, asserting in part[1] that the Debtor is limited to one set of exemptions. The Debtor does not dispute that the relevant property is marital property that became property of the bankruptcy estate pursuant to § 541(a)(2).[2] Rather, the parties disagree on the amount of equity in the residence and, for the purposes of this objection, about the Debtor's maximum allowable exemptions. The Trustee and

---

[1] The Trustee raises other objections, like that the "assets claimed exempt are not needed for the present or anticipated needs of the debtor or are not consumer in nature" and that the Debtor's exemption should be denied for bad faith and concealment. (Docket No. 49.)

[2] Mrs. Papageorge and the Debtor assert that the homestead and scheduled personal property are marital property. (Docket No. 61 at 2.) The Trustee notes that the Debtor's schedules do not list the property as community property, nor do they list debts as community debts. (Docket No. 63 at 3.) However, the Trustee acknowledged that the Debtor takes the position that all debts are community debts and all assets are community assets. (*Id.*)

Debtor's spouse have briefed the issue, with the Debtor incorporating and adopting his spouse's brief, and the Court issues this decision.

The Debtor valued his residence at $330,000 and claimed an exemption of $150,000 pursuant to § 815.20 of the Wisconsin Statutes. (Docket No. 13 at 10.) That section provides that "each spouse may claim a homestead exemption of not more than $75,000," and the Trustee asserts the Debtor is limited to exempting this amount. The Debtor also exempted vehicles, household goods and electronics, firearms, and jewelry with a total value of $27,210 pursuant to § 815.18(3)(d) and (g). Section 815.18(3)(d) permits a debtor to exempt consumer goods[3] "not to exceed $12,000 in aggregate value." Section 815.18(3)(g) permits a debtor to exempt "[m]otor vehicles not to exceed $4,000 in aggregate value" and adds that any unused amount from subsection (d) may be added to this amount. Accordingly, the Trustee argues that the Debtor should be limited to a $16,000 exemption pursuant to § 815.18(3)(d) and (g).

The Trustee relies on *Kapila v. Morgan (In re Morgan)*, 286 B.R. 678 (Bankr. E.D. Wis. 2002), a case factually distinguishable from the instant case. In *Morgan*, the question was whether the debtor's non-filing spouse could supplement the debtor's list of exemptions and claim a homestead exemption herself. Several years after the parties acquired a home in Wisconsin, the debtor moved to Florida and filed a bankruptcy case, and Ms. Morgan then initiated divorce proceedings. When the Chapter 7 Trustee tried to sell both spouses' interests in the property under § 363(h), Ms. Morgan asserted an exemption. The court rejected her claim, reasoning that only an "individual debtor" may exempt property pursuant to § 522(b), and under the Bankruptcy Code's definition, Ms. Morgan was not a debtor. Moreover, although § 522(*l*)

---

[3] The statute defines "consumer goods" as "Household goods and furnishings, wearing apparel, keepsakes, jewelry and other articles of personal adornment, appliances, books, musical instruments, firearms, sporting goods, animals, or other tangible personal property held primarily for the personal, family or household use of the debtor or a dependent of the debtor."

permits a dependent of the debtor, including the debtor's spouse, to file a list of exemptions if the debtor failed to do so, in the *Morgan* case, the debtor had filed such a list. Ms. Morgan was not entitled to supplement the list.

Under *Morgan*, Mrs. Papageorge cannot file her own list of exemptions in this case. However, that is not the factual situation presented. Here, Mr. Papageorge has filed a list of exemptions purporting to "stack" or "double up" his exemptions and Mrs. Papageorge's exemptions. Cases other than *Morgan* provide a better framework to analyze this scenario. One court allowed a debtor to stack the Arizona exemptions, recognizing that the Bankruptcy Code "permits the Debtor to claim as exempt any property that 'is exempt' under state law. Thus the proper question is whether, under state law, the Debtor could claim that the property 'is exempt' from community debts by asserting not only his own, but also his wife's exemptions." *In re Perez*, 302 B.R. 661, 663 (Bankr. D. Ariz. 2003). After determining that nothing in the Bankruptcy Code allows a debtor to assert an exemption belonging to a non-debtor dependent, such as a spouse, the court in *In re DeHaan*, 275 B.R. 375, 381 (Bankr. D. Idaho 2002), also used a state law analysis, and reached the opposite conclusion under Idaho law. Other cases also examine state law. *See In re Diaz Collazo*, 524 B.R. 431 (Bankr. D.P.R. 2015); *Weinstein v. Fox (In re Fox)*, 129 Nev. 377, 302 P.3d 1137 (2013) (answering certified question of whether a judgment debtor could claim Nevada exemptions belonging not only to herself, but also to her non-debtor spouse).

Neither the Wisconsin homestead exemption nor the consumer goods and motor vehicle exemptions permits a debtor to use an exemption belonging to the debtor's spouse. Statutory interpretation begins with the language of the statute and stops there if the language is plain. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 663, 681 N.W.2d 110, 124. Here, the language in both relevant provisions refers to the ability of "each

spouse" to claim an exemption. Section 815.20 provides that "each spouse may claim a homestead exemption of not more than $75,000." Section 815.18(8) provides that "[e]ach spouse is entitled to and may claim the exemptions under [§ 815.18]. If the property exempt under this section is limited to a specified maximum dollar amount, each spouse is entitled to one exemption." This language establishes that the right to claim an exemption is personal to the spouse; each spouse may have one exemption.

The Court's conclusion is bolstered by the pre-2009 version of § 815.20. In *In re Xiong*, No. 05-43121-svk, 2006 Bankr. LEXIS 717, at *9 n.2 (Bankr. E.D. Wis. May 3, 2006), the Court noted that the Wisconsin homestead exemption was not limited to the "'debtor's interest,' but rather applies to property occupied by a resident owner and extends to land 'owned by husband and wife jointly or in common or as marital property, and when they reside in the same household may be claimed by either or may be divided in any proportion between them . . .' Wis. Stat. § 815.20(1)." At that time, the statute expressly provided that "the exemption may not exceed $40,000 for the household." The 2009 amendments increased the amount of the exemption but removed the ability of one spouse to claim the exemption for the entire household, instead adding the language "Each spouse may claim a homestead exemption of not more than $75,000."

Mrs. Papageorge observes that § 815.18(6) states that "[t]he debtor *or a person acting on the debtor's behalf* shall make any required affirmative claim, either orally or in writing, to the creditor, the creditor's attorney or the officer seeking to impose a lien by court action upon the property in which the exemption is claimed." (Emphasis added.)[4] She reads this to suggest that

---

[4] The relevant portion reads in full as follows:
> A debtor shall affirmatively claim an exemption or select specific property in which to claim an exemption. The debtor may make the claim at the time of seizure of property or within a reasonable time after the seizure, but shall make the claim prior to the disposition of the property by sale or by court order. Exempt property is not exempt unless affirmatively claimed as exempt. With respect to property partially exempt

4

a bankruptcy debtor may assert the exemptions of both the debtor and the debtor's spouse to protect property. But § 815.18(6) does not apply to the homestead exemption. *See* Wis. Stat. § 815.18(6)(b)4.; *see also Lueptow v. Guptill*, 56 Wis. 2d 396, 404-05, 202 N.W.2d 255, 260 (1972) (holding homestead exemption does not depend on a formal claim; occupancy alone is sufficient). Thus, this section does not affect the interpretation of the homestead exemption provision in § 815.20.

As to the consumer goods and motor vehicle exemptions, viewed in the context of the rest of the provision, the better reading of this language is that an agent may make the affirmative claim of exemption for the debtor, at the debtor's direction. The statute provides the procedure for claiming exemptions, stating who may deliver the information, how the information may be delivered, and the time at which the information must be delivered. Outside of bankruptcy, Spouse 1 could inform a creditor that Spouse 2 was asserting an exemption in property. However, Spouse 2's child, attorney or other agent could do the same. It does not follow that in bankruptcy, Spouse 1 can use Spouse 1's and Spouse 2's exemptions to protect property.

Mrs. Papageorge asserts that "[w]hen only one spouse in a community property [state] files for bankruptcy, the 'filing spouse may claim the non-filing spouse's exemptions if the filing spouse is acting on behalf of the community.'" *Diaz Collazo*, 524 B.R. at 437 (quoting *In re Morris*, No. 4:12-bk-15511-EWH, 2013 Bankr. LEXIS 1216 at *2 (Bankr. D. Ariz. Mar. 20,

---

under this section, the claiming of an exemption includes the process of selection required of the debtor. The debtor or a person acting on the debtor's behalf shall make any required affirmative claim, either orally or in writing, to the creditor, the creditor's attorney or the officer seeking to impose a lien by court action upon the property in which the exemption is claimed. A debtor waives his or her exemption rights by failing to follow the procedure under this paragraph. A contractual waiver of exemption rights by any debtor before judgment on the claim is void. The court, in making a determination as to the extent property is reasonably necessary for the support of the debtor and the debtor's dependents, is not limited to the standard of living to which the debtor and the debtor's dependents have become accustomed. The court shall consider the amount and use of any income of any person claimed as a dependent when determining if that person is a dependent of a debtor.

Wis. Stat. § 815.18(6)(a).

5

2013), citing *Perez*, 302 B.R. at 663). Ultimately, this is a statement of the holding in *Perez*, a case decided based on Arizona law, and therefore distinguishable on that basis. The *Perez* court concluded that nothing in Arizona law prohibited one spouse from asserting both exemptions. Rather, Arizona law provides that either spouse could act for the benefit of the community, and claiming a non-filing spouse's exemptions constituted acting for the benefit of the community. In essence, instead of determining that the exemptions were personal to each spouse, the court determined that both spouses' exemptions belonged to the community and one spouse, acting on behalf of the community, could assert both. But while the pre-2009 Wisconsin exemption statute may have suggested a similar conclusion by allowing either spouse to claim an exemption for the entire household, the current statutory scheme is limited to "each" spouse claiming one exemption.

Mrs. Papageorge urges the Court to reach the same result as *Perez* because under Wisconsin's Marital Property Act, obligations incurred by one spouse during the marriage are presumed to be incurred in the interest of the marriage or the family. *See* Wis. Stat. § 766.55(1). Consequently, one debtor ought to be able to assert both exemptions on behalf of the community. However, the statute also provides that the chapter "does not affect the exemption of any property of spouses from availability for satisfaction of an obligation, provided by other law." Wis. Stat. § 766.55(5). Accordingly, an argument that uses the marital property statute as an interpretive aid for the exemption statutes must fail. Moreover, Mrs. Papageorge's interpretation runs contrary to the plain language of the current exemption statutes, which permit "each" spouse to assert an exemption, rather than stating that one spouse may assert two exemptions for the benefit of the community.

IT IS THEREFORE ORDERED:  to the extent the Trustee objects that the Debtor has exceeded the allowable exemptions under Wis. Stat. §§ 815.20 and 815.18(3)(d) and (g), the objection is sustained.

#####